HART *vs.* KENNEDY and others.

Although the commissioners of the metropolitan police may have power, by rules and regulations adopted in pursuance of section 27 of the act of April 10, 1860, amending the metropolitan police act, to provide that certain officers in their employ shall "be deemed always on duty," yet no such regulation can alter the meaning of the 34th section of the same act, which declares that no person holding office under that act shall be liable to arrest on civil process, or to service of subpœnas from civil courts, "*whilst actually on duty.*"

Though they may be *deemed* to be on duty, yet if they are not *actually* on duty, the officers are liable to arrest, and to be served with subpœnas.

The 34th section of the act of 1860, by declaring that no officer shall be liable to arrest &c. whilst actually on duty, plainly implies that they shall be liable to arrest whilst *not* actually on duty; and that no officer shall be deemed to be actually on duty at all times and under all circumstances, so as never to be liable to arrest.

APPEAL by the plaintiff from an order made at a special term, vacating and discharging an order of arrest, as to the defendants Kennedy and Davis and modifying it as to the other defendant, Smith.

SUTHERLAND, P. J. This is an action for two several alleged illegal arrests and false imprisonments of the plaintiff by the defendants. The defendant Kennedy is the superintendent, the defendant Davis a captain, and the defendant Smith a patrolman, of the metropolitan police. An order of arrest was granted by a justice of this court, holding the defendants to bail, each in the sum of $1000. This order of arrest was, on motion of the defendants, by an order made at a special term, vacated and discharged, as to the defendants Kennedy and Davis, and modified as to the defendant Smith by reducing the amount of bail required of him to $250.

I infer from the papers that neither of the defendants had been arrested, when the order vacating and modifying the order of arrest was made; that the return day of the order of arrest as originally granted had been extended by an order, for the purpose of enabling the defendants to make the

Hart *v.* Kennedy.

motion to vacate the order, before the defendants should be arrested.

By the 27th section of the act passed April 10th, 1860, to amend the metropolitan police act, passed April 15, 1857, the commissioners of the metropolitan police "in furtherance of the police government of the said metropolitan police district, and for the promoting and perfecting the police discipline of subordinates and of the members of the metropolitan police force, are empowered to enact, modify and repeal from time to time, rules and regulations of general discipline, wherein, in addition to such other provisions as may be deemed expedient by said commissioners, there shall be particularly defined, enumerated and distributed, the powers and duties of the superintendent of police force, and of the inspectors and captains of police force, &c.; *provided* that such rules or regulations shall not conflict with any of the provisions of this amended act, or with the constitution of the United States, or of this state."

By the 34th section of the same act it is declared that "no person holding office under this act shall be liable to military or jury duty, nor to arrest on civil process, or to service of subpœnas from civil courts *whilst actually on duty.*"

It appears from the affidavit of the defendant Kennedy, in this case, that under section 27 of said act the commissioners of the metropolitan police enacted or passed certain rules and regulations of general discipline, and that by section 60 of said rules it was provided that the superintendent, inspectors, captains and sergeants of police will be *deemed to be always on duty.*

It appears from the opinion of the learned justice who made the order at special term, vacating and modifying the order of arrest in this case, and it was conceded on the argument before us, that the order of arrest was vacated and discharged, as to the defendants Kennedy and Davis, on the ground that the one was the superintendent, and the other a

captain, of the metropolitan police, when the alleged arrests and false imprisonments of which the plaintiff complains took place; and that being such officers, by the 34th section of the act and the 60th section of the rules and regulations enacted or passed by the commissioners, under the 27th section of the act, they were as such officers free from arrest on civil process, at all times and under all circumstances. It is difficult to see upon what other theory the order vacating the order of arrest as to the defendants Kennedy and Davis, and modifying and retaining it as to the defendant Smith, could have been made. It is plain that it was an error to vacate and discharge the order as to the defendants Kennedy and Davis on this ground. The 34th section of the act, by declaring that no person holding office under the act shall be liable to arrest on civil process, or to service of subpœnas &c. *whilst actually on duty,* plainly impliedly declares that persons holding office under the act shall be liable to arrest on civil process, or to service of subpœnas &c. whilst *not* actually on duty. This section impliedly declares that no person holding office under the act shall be deemed to be actually on duty *at all times and under all circumstances,* so as never to be liable to arrest or service of subpœna whilst holding the office.

The police commissioners had no power, under the 27th section of the act, to enact any rule or regulation in conflict with the 34th section. The 27th section contains an express *proviso* to that effect; and independent of such proviso, they would have had no power to enact or pass a by-law or regulation inconsistent with an express provision of the act conferring on them their powers.

But I do not think the 60th section of the rules and regulations enacted by the commissioners was intended to interfere with the 34th section of the act. It was intended to be and is, a mere rule or matter relating to discipline, as *between the commissioners and those holding office under them.* It was not intended, and cannot be deemed, to affect, in any manner,

Hart *v.* Kennedy.

the rights of third parties under the 34th section of the act, when persons holding office under the act are not actually on duty.

It would be an extraordinary thing to hold that the superintendent, or a captain, of the metropolitan police can *at no time* or under any circumstances, be served with a subpœna or compelled to appear and testify in a civil court; and yet the 34th section of the act places the same restriction on the right to subpœna as it does on the right to arrest.

The order made at special term should be reversed, so far as it vacated the order of arrest as to the defendants Kennedy and Davis. But I do not see why the other part of the order should not be affirmed.

INGRAHAM, J. I concur in reversing the order below as to Kennedy and Davis. The commissioners may have power by rules to provide that for reasons of their own, officers in their employ shall be deemed always on duty; but no such regulation can alter the meaning of the terms used in the statute "actually on duty." Though they may be *deemed* to be on duty, yet if they are not *actually* on duty the officers are liable to arrest and to be served with subpœnas. We must look at the object of the provision, to ascertain the intent of the legislator. That evidently was to prevent an arrest &c. while the officer was actually discharging his public duties, so as to prevent the possibility of arresting one of these officers while actually in the public employ. But when some other officer has temporarily taken his place, it cannot be said that he is actually on duty, although for police purposes they provide that he shall be deemed to be so.

The reduction of the bail by the justice at chambers was a matter of discretion, with which, under ordinary circumstances, we do not interfere.

CLERKE, J. The judge at special term gave no effect to the 60th section of the general rules adopted by the commis-

sioners, declaring that the superintendent, inspectors, captains and sergeants shall "be deemed always on duty." It is emphatically denied in the opinion delivered at the special term, that any rule or regulation of the commissioners can interfere with the right of a court of justice to determine the fact according to the evidence. But it was contended that from the nature and extent of the duties of the superintendent and captains, the statement in the affidavit of Kennedy must be assumed as true, "that he has always since his appointment as superintendent of police been and ever is on duty as such superintendent, at all times of the day and night," and that " all the captains in his district are also on duty, at all times, day and night, without intermission." It was thought that this should be assumed, until the contrary be shown ; so that, after this positive statement, the burthen of proof should devolve on the plaintiffs to show that, at the time of the arrest on civil process, the party arrested, if the superintendent or a captain, was engaged in some pursuit of business or pleasure not within the sphere of his public duties.

In the language of the opinion delivered below : " the patrolmen have certain intervals of remission from duty, fixed and known, during which they are not liable to duty ; but this can scarcely be affirmed of the superintendent. No doubt he has certain hours for taking his meals and taking sleep ; but as he has a general and unremitting supervision over the operations of the whole force ; and as his directions and advice in a city like this, may be necessary at any time, he is liable to be called to active duty at any hour of the day or night ; so that it is not at all unreasonable to say that he is always actually (though not actively) on duty." In such a case, to be prepared for duty is to be on duty. When, either in his office or in his house devising plans and thinking of instructions for the large force under his command ; when he is awaiting applications for those instructions, ready to give them during every hour of the twenty-four, and when not thus engaged he is visiting the numerous stations in the city,

Hart *v.* Kennedy.

I repeat, it is not at all unreasonable to acquiesce in his sworn statement, until the contrary be proved, that "he is at all times actually on duty." It would indeed be erroneous to hold that the superintendent or a captain of the police, cannot at any time or under any circumstances, be served with a subpœna or any other process. On a careful perusal of the opinion of the judge at special term, I cannot discover that he held any such thing. But he did hold that those endeavoring to compel a superintendent or captain to appear and testify, or those at whose suit he is arrested on civil process, should show that he was otherwise engaged than on duty, at the time of the service of the process; the clear presumption being, from the nature and extent of his duties and from his own sworn statement, that, like the sentinel in his sentry box, he is always actually on duty.

I think that a regard for the efficient government of the police force of this populous city and a desire for the public safety and comfort, render it expedient to establish this presumption in favor of the superintendent and captains; particularly when we consider that it is only raised in the case of a provisional remedy; the allowance of which, in any case, rests in a great measure in the sound discretion of the judge, who may refuse it altogether, if he thinks the arrest is not necessary to secure the presence of the defendant, to answer to the final judgment of the court. It is not at all probable that a public officer, having a position, and performing duties, like those of the superintendent of police, will not render himself amenable to any process which may be issued to enforce any judgment that may be rendered against him. Nevertheless, I am not in favor of affirming the order of the special term, as far as the superintendent and captains are concerned. No arrest of these persons was actually made. The motion was made to set aside the order of arrest. Therefore the plaintiff had no opportunity of having them arrested, when not on actual duty; so that the principles on which the de-

---

cision of the special term is founded are not applicable to the present motion.

The order made at special term should be reversed, so far as it vacated the order of arrest, as to the defendants Kennedy and Davis; but should be affirmed as to the other defendants.

Judgment accordingly.

New York General Term, February 2, 1863. *Sutherland, Ingraham* and *Clerke*, Justices.]